IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| AP MANUFACTURING, LLC,<br>   *Plaintiff*, | § § § | |
| v. | § § § | MO:23-CV-74 |
| A TO Z PERFORATING, LLC,<br>MATTHEW JAMES MEDLEY, JESUS<br>E. OLGUIN, JR., and AARON<br>HUGHES,<br>   *Defendants.* | § § § § § § | |

## FINAL JUGDMENT

The above-entitled cause came on for a trial before this Court on February 3, 2025, with a jury. Michael Twomey appeared as counsel for Plaintiff and announced ready. Rick Strange appeared as counsel for Defendants and announced ready. Oral and documentary evidence was presented, and the jury was properly instructed following argument by counsel.

The jury found as follows:

Question No. 1: Did AP Manufacturing own a trade secret? Answer: Yes.

Question No. 2: Did Defendants misappropriate AP Manufacturing, LLC's trade secret?

  A to Z Perforating, LLC: Yes.

  Matthew James Medley: Yes.

  Jesus E. Olguin: Yes.

Question No. 3: Did Defendants willfully and maliciously misappropriate AP Manufacturing, LLC's trade secrets?

  A to Z Perforating, LLC: Yes.

  Matthew James Medley: Yes.

  Jesus E. Olguin: Yes.

Question No. 4: What sum of money, if any, if paid now in cash, would fairly and reasonably compensate AP Manufacturing, LLC for its damages, if any, that were caused by such misappropriation?

    For actual loss:

        A to Z Perforating, LLC: $0.

        Matthew James Medley: $0.

        Jesus E. Olguin: $0.

    For unjust enrichment:

        A to Z Perforating, LLC: $0.

        Matthew James Medley: $10,000.

        Jesus E. Olguin: $10,000.

Question No. 5: What sum of money, if any, if paid now in cash, should be assessed against Defendants and awarded to AP Manufacturing, LLC as punitive damages, if any, for trade secret misappropriation?

    A to Z Perforating, LLC: $50,000.

    Matthew James Medley: $0.

    Jesus E. Olguin: $0.

Question No. 6: Did Aaron Hughes and/or Jesus E. Olguin fail to comply with the Retention Bonus and Incentive Award Agreement with AP Manufacturing, LLC?

    Jesus E. Olguin: No.

    Aaron Hughes: No.

Question No. 7: What sum of money, if any, if paid now in cash, would fairly and reasonably compensate AP Manufacturing, LLC for its damages, if any, that resulted from such failure to comply:

    For lost profits:

        Jesus E. Olguin: $0.

        Aaron Hughes: $0.

    For restitution:

        Jesus E. Olguin: $0.

        Aaron Hughes: $0.

    For nominal damages:

        Jesus E. Olguin: $0.

        Aaron Hughes: $0.

Question No. 8: Did A to Z Perforating intentionally interfere with Aaron Hughes' and Jesus E. Olguin's Retention Bonus and Incentive Award Agreements?

    Jesus E. Olguin: No.

    Aaron Hughes: No.

Question No. 9: What sum of money, if any, if paid now in cash, would fairly and reasonably compensate AP Manufacturing, LLC for its damages, if any, proximately caused by such interference?

    For lost profits: $0.

    For attorney fees & litigation expenses: No.

Question No. 10: Do you find by clear and convincing evidence that the harm to AP Manufacturing, LLC caused by A to Z Perforating, LLC's tortious interference resulted from malice or fraud? Answer: No.

Question No. 11: What sum of money, if any, if paid now in cash, should be assessed against A to Z Perforating, LLC and awarded to AP Manufacturing, LLC as punitive damages, if any, for tortious interference? Answer: $0.

It is therefore **ORDERED** that Plaintiff AP Manufacturing, LLC is entitled to judgment against Defendant Matthew James Medley for $10,000 and against Defendant Jesus E. Olguin for $10,000. The jury's award for punitive damages of $50,000 is struck.

It is further **ORDERED** that Plaintiff is entitled to prejudgment interest on the foregoing awards from May 17, 2023, through the date of this judgment at the statutory rate prescribed by 28 U.S.C. § 1961. The Court further finds that Plaintiff is entitled to post-judgment interest on the foregoing awards at the statutory rate prescribed by 28 U.S.C. § 1961 until Defendants Medley and Olguin satisfy their obligations under this judgment.

It is further **ORDERED** that Defendants are entitled to take-nothing judgments on all other claims and causes of action.

It is further **ORDERED** that AP Manufacturing, LLC shall file a motion for reasonable attorney fees and a bill of costs, with supporting documentation, no later than fourteen days after the entry of final judgment, pursuant to Local Rules CV-7 and CV-54.

All relief not specifically granted herein is denied.

It is so **ORDERED**.

SIGNED this 14th day of April, 2025.

                                                              DAVID COUNTS
                                                              UNITED STATES DISTRICT JUDGE