IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | | |
|---|---|---|
| AP MANUFACTURING LLC,<br>   *Plaintiff,* | § § § | |
| v. | § § § | MO:23-CV-00074-DC |
| A TO Z PERFORATING, LLC,<br>MATTHEW MEDLEY, JESUS E.<br>OLGUIN, and AARON HUGHES,<br>   *Defendants.* | § § § § | |

## ORDER ON ATTORNEY FEES

Before the Court is Plaintiff AP Manufacturing, LLC's Motion for Attorneys' Fees,[1] filed pursuant to Federal Rule of Civil Procedure 54 and Local Rule CV-54. In the motion, AP Manufacturing seeks attorney fees in the amount of $120,111.63 against Matthew Medley and Jesus Olguin jointly and severally; $40,317.00 against Medley individually; and $12,240 against Olguin individually.

In their response, Defendants do not quibble with the lodestar calculation or the substantial discounts already applied. Instead, they home in on a single *Johnson* factor—"the results obtained"—and argue that the fee award should be slashed dramatically on that basis alone. Their theory is simple, if mathematically rigid: AP recovered $20,000 in damages; its fee request is approximately 8.63 times that amount; therefore, the fee award should be capped at $20,000 to maintain a tidy 1:1 ratio.

The Court is unpersuaded. Although the law requires due consideration of the results obtained, that factor does not override all else, and the law does not require strict proportionality between damages and fees. Having reviewed the motion, the parties'

---

[1] Doc. 88.

submissions, and the governing legal standards, the Court concludes that the fees sought are reasonable. The motion is **GRANTED**, and the requested fees are **AWARDED** in full.

### I. Background

AP, a wireline supply company based in Midland, sued several former employees—Hughes, Olguin, and Medley—after discovering they had formed a competing business, A to Z Perforating, LLC, while Medley was still employed with AP. In fall 2022, Medley took and sent photos of AP's internal business information to Olguin to help launch A to Z.[2] Both Medley and Olguin admitted at trial that the information was intended to benefit A to Z, and there was evidence A to Z used vendors identified in the misappropriated materials.[3]

AP sued all Defendants for trade secret misappropriation under the federal Defend Trade Secrets Act and brought additional breach of contract and tortious interference claims. At trial in February 2025, the jury found in favor of AP on the trade secret claims, awarding $10,000 each in unjust enrichment damages against Medley and Olguin, and $50,000 in punitive damages against A to Z, which were later struck by this Court.[4] The jury rejected AP's breach of contract and tortious interference claims.[5] The Court entered judgment against Medley and Olguin and found AP to be the prevailing party under the DTSA.[6]

### II. Law

Under the Defend Trade Secrets Act, "with respect to the misappropriation of a trade secret, a court may . . . if . . . the trade secret is willfully and maliciously misappropriated,

---

[2] Doc. 80 at 36:13-37:12.
[3] *Id.* at 37:6-9.
[4] Docs. 75, 87.
[5] Doc. 75.
[6] Doc. 86.

2

award reasonable attorney's fees to the prevailing party."[7] The jury found that Medley, Olguin, and A to Z willfully and maliciously misappropriated AP's trade secret, and the Court has found AP is the prevailing party under the DTSA.[8]

To determine whether the requested fees are reasonable, the Fifth Circuit established twelve factors to consider in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). The Court considers the twelve *Johnson* factors in light of the following framework: "it should (1) ascertain the nature and extent of the services supplied by the attorney; (2) determine the value of the services according to the customary fee and the quality of the legal work; and, (3) adjust the compensation on the basis of the other Johnson factors that may be of significance in the petitioner's case."[9] "The product of the first two steps is the 'lodestar.' "[10] After calculating the lodestar, courts then apply the remaining factors to decide whether the lodestar should be adjusted.[11] The Court must be careful to not "double count" a Johnson factor already accounted for in the lodestar.[12]

With those basic principles in mind, the Court now turns to the reasonableness of the requested fees.

---

[7] 18 U.S.C. § 1836(b)(3)(D).
[8] Doc. 86.
[9] *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990).
[10] *Id.*
[11] *Id.*
[12] *Id.*

III.  **Reasonableness of the Lodestar**

A. **Hourly Rates**

The Court finds the hourly rates charged by AP's counsel to be reasonable and in line with prevailing rates for similar work in this District. Defendants do not dispute the reasonableness of these rates, which are included below.

| Timekeeper | Title | License Year | 2023 Rate | 2024 Rate | 2025 Rate |
|---|---|---|---|---|---|
| Michael Twomey | Sr. Director | 2009 | $ 450.00 | $ 475.00 | $ 475.00 |
| Andrew Robertson | Director | 2015 | - | - | $ 500.00 |
| Jamie Wilson | Associate | 2015 | $ 350.00 | $ 375.00 | - |
| Hannah Addison | Associate | 2021 | $ 325.00 | $ 350.00 | - |
| Brittany King | Associate | 2021 | - | $ 350.00 | $ 350.00 |
| Collin Delano | Associate | 2018 | $ 350.00 | - | - |
| | | | | | |
| Connie Nims | Paralegal | - | | $ 235.00 | $ 235.00 | - |
| Christina Moreno | Paralegal | - | | - | $ 175.00 | $ 175.00 |
| Bree Kimball | Paralegal | - | | $ 210.00 | | |

[13]

B. **Hours Expended**

The Court further finds the number of hours expended to be reasonable. Those hours are as follows.

| Task | Hours | Total | Medley Hours | Medley Total | Olguin Hours | Olguin Total | Medley/Olguin Hours | Medley/Olguin Total |
|---|---|---|---|---|---|---|---|---|
| Amended Complaint | 8.75 | $ 3,297.50 | 0.00 | $ - | 8.75 | $ 3,297.50 | 0.00 | $ - |
| Amended Preliminary Injunction | 23.30 | $ 8,770.00 | 0.00 | $ - | 23.30 | $ 8,770.00 | 0.00 | $ - |
| Case Strategy | 6.65 | $ 2,663.75 | 0.00 | $ - | 0.00 | $ - | 6.65 | $ 2,663.75 |
| Depositions | 57.35 | $ 27,001.25 | 0.00 | $ - | 0.00 | $ - | 57.35 | $ 27,001.25 |
| Discovery Deficiencies | 23.15 | $ 8,226.25 | 0.00 | $ - | 0.00 | $ - | 23.15 | $ 8,226.25 |
| Entry of Judgment | 16.30 | $ 7,778.75 | 0.00 | $ - | 0.00 | $ - | 16.30 | $ 7,778.75 |
| Initial Disclosures | 5.95 | $ 2,323.25 | 3.80 | $ 1,392.00 | 0.00 | $ - | 2.15 | $ 931.25 |
| Medley Answer | 0.20 | $ 75.00 | 0.00 | $ - | 0.20 | $ 75.00 | 0.00 | $ - |
| Olguin Answer | 0.40 | $ 140.00 | 0.40 | $ 140.00 | 0.00 | $ - | 0.00 | $ - |
| Original Complaint | 21.80 | $ 8,350.00 | 21.80 | $ 8,350.00 | 0.00 | $ - | 0.00 | $ - |
| Preliminary Injunction | 42.60 | $ 16,084.00 | 42.60 | $16,084.00 | 0.00 | $ - | 0.00 | $ - |
| Rule 26 Conference, Scheduling, & Case Mgmt | 14.10 | $ 5,177.00 | 8.80 | $ 3,057.00 | 0.00 | $ - | 5.30 | $ 2,120.00 |
| Settlement | 18.20 | $ 8,305.00 | 3.60 | $ 1,460.00 | 0.00 | $ - | 14.60 | $ 6,845.00 |
| Trial | 25.80 | $ 12,255.00 | 0.00 | $ - | 0.00 | $ - | 25.80 | $ 12,255.00 |
| Trial Preparation | 91.45 | $ 38,599.38 | 0.00 | $ - | 0.00 | $ - | 91.45 | $ 38,599.38 |
| Written Discovery | 62.00 | $ 23,626.50 | 26.40 | $ 9,834.00 | 0.30 | $ 97.50 | 35.30 | $ 13,695.00 |
| **TOTAL** | 418.00 | $172,672.63 | 107.40 | $40,317.00 | 32.55 | $12,240.00 | 278.05 | $ 120,115.63 |

[14]

---

[13] Doc. 88 at 5.
[14] *Id.* at 6.

Reviewing the table and the motion, the Court finds that AP's counsel exercised billing judgment, segregated non-recoverable time, categorized entries by task, and reviewed invoices before submission.[15] Substantial adjustments were also made to the hours reported. For example, for unsuccessful claims.[16] Those adjustments are detailed in the chart below.

| Task Category | Discount |
|---|---|
| Amended Complaint | 50% |
| Amended Preliminary Injunction | 50% |
| Depositions | 0%-25% |
| Discovery Deficiencies | 0%-50% |
| Entry of Judgment | 50% |
| Trial | 25% |
| Trial Preparation | 25% |
| Written Discovery | 0%-50% |

[17]

Having independently reviewed the detailed billing records submitted, the Court concludes that the hours spent were reasonable and not excessive, duplicative, or inadequately documented.[18] For instance, billing just 40 hours to draft the original complaint strikes the Court as not only reasonable, but perhaps even conservative, given the complexity and scope of the task. And notably, Defendants do not challenge the reasonableness of the hours sought.

---

[15] *Id.* at 10.
[16] *Id.*
[17] Doc. 88-2 (Ex. B).
[18] *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 392 (5th Cir. 2016) ("[t]he court should exclude all time that is excessive, duplicative, or inadequately documented.").

5

Multiplying the reasonable rates by the reasonable hours, the lodestar amounts are $120,111.63 against Medley and Olguin jointly and severally, $40,317.00 against Medley individually, and $12,240 against Olguin individually

### IV.  Application of the *Johnson* Factors

The Court next considers whether to adjust the lodestar under the twelve *Johnson* factors. These include the time and labor required, the novelty and difficulty of the questions, the skill required, and the results obtained, among others.[19]

Here, the factor most at issue is the "results obtained."[20] Defendants argue that AP's fee request should be drastically reduced because it recovered only $20,000 in damages—roughly one-eighth the requested fees.[21] Defendants urge a fee award capped at $20,000.[22]

The Court will decline to impose a mechanical proportionality requirement between fees and damages. As noted by AP, there is a strong presumption that the lodestar amount is appropriate.[23] And while the Supreme Court has recognized that the "results obtained" in litigation is an "important factor" as to whether to adjust a fee,[24] the Fifth Circuit has repeatedly held that "a low damages award is one factor which a district court may consider

---

[19] *Johnson*, 488 F.2d at 714.

[20] AP carefully explains in its original motion for fees why the other *Johnson* factors largely weigh in favor of the original lodestar amount. Doc. 88 at 12-15. AP's counsel is highly skilled and experienced, devoted considerable time to the case (without causing delay), and have already discounted the fees and hours substantially.

[21] Doc. 90 at 3. Defendants also highlight that AP's initial six figure damage request dwarfs the $20,000 in damages obtained. *Id.* Because of this, argue Defendants, the Court should "compare what plaintiff sought with what she obtained when awarding attorney[ ] fees." *Id.* (citing *Comb*, 829 F.3d at 396).

[22] *Id.* at 4.

[23] *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

[24] *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "This factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Id.* In fact, this is "the most critical factor." *Id.* at 436.

in setting the amount of attorney's fees, [but] this factor alone should not lead the district court to reduce a fee award."[25] Courts abuse their discretion when they reduce fees solely based on the amount recovered.[26]

The lodestar for this case is just above $170,000, and AP recovered only $20,000 in damages. The Court realizes that this gap is large. But while the gap is large, while AP recovered much less than initially sought, and while AP did not prevail on all claims, AP succeeded on the core issue—establishing that Defendants misappropriated AP's trade secret.

Moreover, the hours billed and the fees incurred in prosecuting the misappropriation are reasonable—and notably, Defendants do not dispute them. Given that the lodestar calculation is itself reasonable, carries a presumption of correctness, and the majority of the *Johnson* factors support it, the Court sees no basis for adjustment. Even when viewed through the more delicate lens required by appellate guidance on the "results obtained,"[27] the fee remains appropriate. Accordingly, the Court declines to alter the lodestar.[28]

---

[25] *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006); *Black v. SettlePou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013).

[26] *See Segovia v. Fuelco Energy LLC*, No. SA-17-CV-1246-JKP, 2024 WL 1161730, at *19 (W.D. Tex. Mar. 18, 2024).

[27] This Court abuses its discretion if it fails to give adequate consideration to a discrepancy in the result obtained versus the relief sought. But it also commits abuse of discretion if it reduces fees "solely on the basis of the amount of damages obtained." *SettlePou*, 732 F.3d at 503.

[28] The Court also acknowledges that the principle cautioning against reducing a lodestar merely because the damages awarded fall short of those sought has been most robustly developed in the context of the Fair Labor Standards Act and civil rights litigation. That's no accident: both involve statutory fee-shifting frameworks animated by strong public policy interests. Outside those contexts, courts enjoy broader discretion to account for results obtained when determining a reasonable fee. Still, even in cases beyond the FLSA or civil

## V. Conclusion

The Court finds that AP has demonstrated that the requested fees are reasonable under the lodestar method and the *Johnson* factors. Counsel's work was skillful, the hours were appropriate, and the case was litigated efficiently. Though the monetary recovery was limited, Plaintiff succeeded on the most important claim and obtained meaningful relief. That limited recovery does not provide license to reduce fees in this case.

Accordingly, the Court hereby **GRANTS** the motion and **AWARDS** the requested attorney fees.

---

rights statutes, courts routinely affirm that the lodestar remains the correct measure—so long as the plaintiff secured a meaningful result. A limited recovery does not, standing alone, require a mechanical reduction. So it is here. Plaintiff "zealously defended this action at every turn, thus requiring much time and labor by counsel—a factor clearly accounted for in the Court's determination of reasonable hours expended." Doc. 88 at 20. And while this case does not arise under the FLSA as in *Segovia*, precedent suggests the Court may not reduce a presumptively reasonable lodestar solely on the basis of a modest recovery.

8

Additionally, having reviewed the relevant bill of costs,[29] the Court finds that these costs are reasonable and **GRANTS** AP's request for costs.[30]

It is so **ORDERED**.

SIGNED this 23rd day of May, 2025.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

---

[29] Doc. 89.

[30] Federal Rule of Civil Procedure 54(d)(1) provides for an award of costs "to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). The Fifth Circuit strongly presumes that courts will award costs to the prevailing party. *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992) (citing *Sheets v. Yamaha Motors Corp. USA*, 891 F.2d 533, 539 (5th Cir. 1990)). AP has already been identified as the prevailing party. Title 28 U.S.C. § 1920 identifies recoverable costs as:

> A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and copies of papers necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920 (2000). A court may decline to award the costs listed in the statute but may not award costs omitted from the list. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). Before a court taxes a bill of costs, the party claiming costs must attach an affidavit that the amount is correct, that the costs were necessarily incurred during the case, and that the services which gave rise to the cost were actually and necessarily performed. 28 U.S.C. § 1924 (2000). AP has done so. Doc. 89. As the costs are all recoverable pursuant to statute and were clearly necessarily incurred in the case, the Court grants AP's request for costs.